## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Robert J. Och and<br>Barbara A. Zippi<br><br>               Plaintiffs<br><br>       v.<br><br><br>The Pep Boys: Manny, Moe & Jack,<br>National Automotive Parts Association,<br>Penn Jersey Auto, et al.<br>               Defendants<br><br>       v.<br><br>The Boeing Company | C.A. No. _____<br><br><br><br>Transferred from the Court of Common Pleas<br>of Philadelphia County<br>C.A. No. June Term, 2016, No. 2128<br><br><br><br><br><br>Defendant The Boeing Company's Notice of<br>Removal Pursuant to 28 U.S.C. § 1442<br><br>2017 |

## DEFENDANT, THE BOEING COMPANY'S
## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant, The Boeing Company ("Boeing") hereby removes the above-captioned action from the Court of Common Pleas of Philadelphia County pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446. In filing this notice of removal, Boeing does not waive any defenses that it may have in this action.

### I.    BACKGROUND

1. On or about December 28, 2015, Plaintiffs Robert J. Och and Barbara Zippi ("Plaintiffs") filed their initial complaint ("Plaintiffs' First Complaint"), captioned *Robert J. Och and Barbara Zippi v. A.W. Chesterton Company, et al.*, in the Court of Common Pleas of Philadelphia County ("State Court"), C.A. No. December Term, 2015, No. 2440 ("*Och I*"). Boeing was a named

defendant in *Och I*. *See* Plaintiffs' First Complaint (attached hereto as **Exhibit A**). Plaintiffs' First Complaint alleged that Mr. Och developed mesothelioma as a result of asbestos exposure that he allegedly experienced while he was employed by Boeing from 1956 to 1957 and 1961 to 1995. *See* Ex. A at ¶¶4-5.

2.   On or about June 21, 2016, Plaintiffs filed another complaint ("Plaintiffs' Supplemental Complaint") in the State Court, C.A. No. June Term, 2016, No. 2128 ("*Och II*"). Boeing was not a named defendant in *Och II*. *See* Plaintiffs' Supplemental Complaint (attached hereto as **Exhibit B**).

3.   On or about June 9, 2016, Boeing attended a deposition in *Och I*. Discovery between *Och I* and *Och II* was coordinated, as the parties assumed the two actions would be consolidated for trial. Also present at the deposition was counsel that later appeared in *Och II* on behalf of Defendant The Pep Boys: Manny, Moe & Jack ("Pep Boys"). See Transcript of Deposition of Robert J. Och at 3:8-12 (June 9, 2016 a.m. session); Transcript of Deposition of Robert J. Och at 3:8-12 (June 9, 2016 p.m. session) (attached hereto as **Exhibit C**).

4.   During his June 9, 2016 deposition session in *Och I*, Mr. Och testified that, while he was employed by Air Mod in Dover, Delaware, from 1958 to 1960, he maintained C-124 and C-133 aircraft that were provided to the United States Air Force for use in the national defense. Videotaped Trial Deposition of Robert Och, June 9, 2016, at 17:4-20 (attached hereto as **Exhibit D**). Mr. Och also testified that, during his Boeing employment, he assembled CH-46, CH-47, H-21, and HUP retriever helicopters that were being produced at the behest of the United States military for use in the national defense. Videotaped Discovery Deposition Transcript of Robert Och, June 9, 2016, at 75:24-76:4 (attached hereto as **Exhibit E**).

5. Boeing manufactures and sells commercial and military aircraft, each of which is individually composed of myriad complex systems containing hundreds of thousands of component and sub-component parts manufactured by various other government contractors and sub-contractors. All aircraft that Boeing manufactured for the United States Government, including the C-124, C-133, CH-46, CH-47, H-21, and HUP retriever, were specifically designed for military use. These military aircraft were manufactured according to reasonably precise specifications approved by the government. Moreover, the government required that Boeing utilize specific, government furnished aircraft equipment in manufacturing these military aircraft.

6. Thus, Boeing was put on notice in *Och I* that it had a colorable basis to assert federal officer jurisdiction under 28 U.S.C. § 1442(a)(1) when Mr. Och testified that he maintained C-124 and C-133 aircraft and assembled CH-46, CH-47, H-21, and HUP retriever aircraft. However, before Boeing could remove *Och I*, claims against Boeing were dismissed with prejudice.

7. On or about, July 8, 2016, Boeing was dismissed with prejudice by Plaintiffs from *Och I*. *See* Notice of Dismissal (attached hereto as **Exhibit F**).

8. On or about August 4, 2017, Pep Boys, which is a named defendant in Plaintiffs' Supplemental Complaint, filed a joinder complaint (the "Joinder Complaint") against Boeing in *Och II. See* Joinder Complaint (attached hereto as **Exhibit G**). Pep Boys served Boeing with the Joinder Complaint on August 7, 2017. *See* Cover Letter to Boeing (attached hereto as **Exhibit H**).

9. The federal officer removal statute provides that a notice of removal must be filed within 30 days of a defendant's receipt of the initial pleading or, "[i]f the case stated by the initial pleading is not removable," within 30 days after that defendant's receipt of "an amended

pleading, motion, order or other paper from which it may be ascertained that the case is one which is or has become removable[.]" 28 U.S.C. §§ 1442(a)(1), 1446(b)(3).

10. As described above, Mr. Och's deposition in *Och I* informed Boeing that Plaintiffs' Supplemental Complaint is removable, as Mr. Och alleged asbestos exposure from multiple aircraft (the C-124, C-133, CH-46, CH-47, H-21, and HUP retriever) that Boeing manufactured at the behest of the United States Government.

11. This Notice of Removal is timely filed, in accordance with 28 U.S.C. § 1446(b), within thirty (30) days after Boeing was served with the Joinder Complaint filed against Boeing in *Och II*. As explained above, claims against Boeing in *Och I* were dismissed with prejudice before Boeing could remove that action to federal court, and this removal is being filed within thirty days of service of the Joinder Complaint that made *Och II* removable.

## II.  FEDERAL OFFICER REMOVAL IS APPROPRIATE UNDER 28 U.S.C. § 1442(a)(1)

12. Removal is proper under 28 U.S.C. 1442(a)(1) when facts are disclosed establishing that: (1) the removing defendant is a person within the meaning of the statute; (2) it performed the complained of action at the direction of a federal officer and under color of federal office; (3) there is a causal nexus between the defendant's actions and the plaintiff's claims; and (4) the defendant asserts a "colorable federal defense." *Mesa v. California*, 489 U.S. 121, 123-35 (1989); *Papp v. Fore-Kast Sales, Inc.*, 842 F.3d 805, 812 (3d Cir. 2016); 28 U.S.C. § 1442(a)(1) All elements are present here.

13. *First*, as a corporation, Boeing is a "person" for purposes of 28 U.S.C. § 1442(a)(1). *Papp v. Fore-Kast Co.*, 842 F.3d 805, 812 (3d Cir. 2016); *Hagen v. Benjamin Foster Co.*, 739 F. Supp. 2d 770, 776 n.6 (E.D. Pa. 2010). *Accord Ruppel v. CBS Corp.*, 701 F. 3d 1176, 1181 (7th Cir. 2012); *Isaacson v. Dow Chem. Co.*, 517 F. 3d 129, 135-36 (2d Cir. 2008); *Winters v.*

*Diamond Shamrock Chem. Co.*, 149 F. 3d 387, 398 (5th Cir. 1998), *cert. denied*, 526 U.S. 1034 (1999).

14. *Second*, Boeing manufactured C-124, C-133, CH-46, CH-47, H-21, and HUP retriever aircraft at the direction of a federal officer, the United States Government, and under color of federal office. The C-124, C-133, CH-46, CH-47, H-21, and HUP retriever aircraft at issue were manufactured for the USAF pursuant to military procurement contracts with the United States Government and in compliance with detailed design specifications that were issued and/or approved by the Government. To the extent that the design or manufacture of the C-124, C-133, CH-46, CH-47, H-21, and HUP retriever included asbestos-containing parts or components, such inclusion was required by the Government in its approved detailed and precise specifications. Further, some components of the C-124, C-133, CH-46, CH-47, H-21, and HUP retriever, such as engines and their component parts, may have been furnished by the government and the government required Boeing to install them on the aircraft. Any decision regarding asbestos in C-124, C-133, CH-46, CH-47, H-21, and HUP retriever or the component parts thereof was subject to close, detailed, and ongoing supervision and control of the United States government and its officers. The Government likewise controlled the content of written materials and warnings associated with the C-124, C-133, CH-46, CH-47, H-21, and HUP retriever. The government exercised its discretion and approved certain warnings for aircraft designed, manufactured, and supplied by Boeing; Boeing provided the warnings required by the United States government; and Boeing warned the United States government about any asbestos hazards that were known to Boeing but not to the United States government. *See Papp*, 842 F.3d at 813; *Getz v. Boeing Co.*, 654 F.3d 852, 866 (9th Cir. 2011); *Winters*, 149 F.3d at 400.

15. Boeing's design and manufacture of the C-124, C-133, CH-46, CH-47, H-21, and HUP retriever under the control, direction, and supervision of the Government thus satisfies the "acting under" requirement The "acting under" requirement, like federal officer removal generally, "is to be 'liberally construe[d]' to cover actions that involve 'an effort to *assist* or to help *carry out*, the federal supervisor's duties or tasks.'" *Papp*, 842 F.3d at 121 (quoting *Ruppel*, 701 F.3d at 1181). Numerous federal courts have held, for purposes of federal officer removal, that military contractors were "acting under a federal officer" in relation to the design, manufacture, and supply of equipment to the United States government. *See, e.g., Papp*, 842 F.3d at 813 (stating that Boeing "easily satisfie[d] the 'acting under' requirement" where plaintiff's allegations were "directed at actions Boeing took while working under a federal contract to produce an item the government needed, to wit, a military aircraft, and that the government otherwise would have been forced to produce on its own"); *Durham*, 445 F.3d at 1251; *Ruppel*, 701 F.3d at 1181; *Hagen*, 739 F. Supp. 2d at 784. Indeed, Boeing could not change the design, component parts, or provide additional warnings on the C-124, C-133, CH-46, CH-47, H-21, and HUP retriever without prior government authorization. Moreover, not only did Boeing's acquisition of Government approval for any design change require strict compliance with the Government's formal, detailed change process procedures, the Government retained absolute authority at all times to accept, reject, or modify any aspect of a military government contractor's requested change proposal.

16. *Third*, there is a causal nexus between Boeing's alleged actions in manufacturing the C C-124, C-133, CH-46, CH-47, H-21, and HUP retriever and Plaintiffs' alleged injury in that Mr. Och's mesothelioma was allegedly caused by the allegedly defective design of the C-124, C-133, CH-46, CH-47, H-21, and HUP retriever and/or such injury was caused by Boeing's alleged

failure to warn of the potential hazards of asbestos-containing components To meet this requirement, "'it is sufficient for there to be a connection or association between the act in question and the federal office.'" *Papp*, 842 F.3d at 813 (quoting *In re Commonwealth's Motion to Appoint Counsel Against or Directed to Defender Ass'n of Phila.*, 790 F.3d 457, 471 (3d Cir. 2015) ("*Defender Ass'n*"), *cert. denied*, -- U.S. --, 136 S. Ct. 980 (2016)).   If a defendant has been sued for asbestos-related injuries purportedly arising from or relating to equipment that it manufactured and supplied to the United States government under the government's detailed direction and control, that defendant has been sued in relation to conduct under color of its federal office, satisfying the "causal nexus" requirement.  *See Cuomo v. Crane Co.*, 771 F.3d 113, 117 (2d Cir. 2014); *Ruppel*, 701 F.3d 1181..

17. *Fourth*, Boeing asserts a colorable federal defense, namely the "government contractor" defense set forth in *Boyle v. United Technologies, Inc.*, 487 U.S. 500 (1988) and its progeny. Under *Boyle*, a defendant must show that: (1) it designed, manufactured, and supplied the product at issue (including accompanying markings and manuals) according to "reasonably precise specifications" promulgated or adopted by the United States government; (2) the equipment, markings, and manuals conformed with those specifications; and (3) at all relevant times, the United States government had as much knowledge of the potential hazard as the defendant.  487 U.S. at 512.  To assert a colorable defense, a defendant is required only to identify facts which, viewed in the light most favorable to the defendant, would establish a defense under *Boyle* at trial, and "'need not win his case before he can have it removed.'"  *Papp*, 842 F.3d at 815 (quoting *Willingham v. Morgan*, 395 U.S. 402, 407(1969)).  Under identified facts similar to those here, federal courts have consistently dismissed state law claims under the government contractor defense.  *See, e.g., Papp*, 842 F.3d at 814; *Johnson v. Sunoco, Inc.*, No.

16-05512, 2017 WL 783773, at *3-5 (E.D. Pa. Feb. 28, 2017); *In re Asbestos Prods. Liability Litig.*, 770 F. Supp. 2d 736, 743-44 (E.D. Pa. 2011).

18. The government contractor defense also applies to Plaintiffs' failure-to-warn claims in that (1) the government approved specifications for military aircraft, (2) Boeing provided the warnings provided by the government, and (3) Boeing told the government about any asbestos hazards that were then known to Boeing but not to the government. *Papp*, 842 F.3d at 814 (citing *Leite v. Crane Co.*, 749 F.3d 1117, 1123-24 (9th Cir. 2014)). The Second, Fourth, Fifth, Sixth, Seventh, Ninth, and Eleventh Circuits also have all applied *Boyle's* government contractor defense in failure-to-warn cases. *Papp*, 842 F.3d at 814 n.6 (collecting cases).

19. The government contractor defense is satisfied here because: (1) the design specifications, including all warnings, for the C-124, C-133, CH-46, CH-47, H-21, and HUP retrieverwere issued and/or approved by the Government; (2) the C-124, C-133, CH-46, CH-47, H-21, and HUP retriever aircraft did, in fact, conform to those specifications; and (3) to the extent that asbestos was believed, at the time, to be a hazardous material, the government's knowledge of such hazards was superior to that of Boeing. *See Hicks v. Boeing*, 2014 WL 1051748 (D. Del. Mar. 17, 2014); *Fung v. Abex Corp.*, 816 F. Supp. 569, 573 (N.D. Cal. 1992).

20. When faced with a case involving similar facts and one of the same aircraft at issue in this matter, this Court held that removal was proper and denied the plaintiff's remand motion. *Gillen v. Boeing*, 2:13-cv-03118-ER, D.I. 61 (E.D. Pa. Oct. 8, 2013). In *Gillen*, a case where the plaintiff alleged that she was exposed to asbestos as a result of Boeing's manufacture of military CH-47 aircraft at Boeing's Ridley Park facility (one of the aircraft and facilities at issue in this case), this Court held that federal jurisdiction was appropriate because Boeing demonstrated that: (a) it manufactured the military CH-47 at the direction and under color of federal office; (b) there

was a causal nexus between Boeing's actions and the plaintiff's claims; and (c) Boeing asserted a colorable government contractor defense. *Id.*

21. Boeing also is entitled to federal officer removal under 28 U.S.C. § 1442(a)(1) based on the separate defense of derivative sovereign immunity set forth in *Yearsley v. W.A. Ross Construction Co.*, 309 U.S. 18, 40 (1940). In *Yearsley*, the Court established that a government contractor acting at the direction and authorization of a government officer is immune from suit based on performance of the government contract. *Yearsley* is satisfied here because the acts complained of were performed at the direction of government officers acting under government authorization, and if the government had performed those acts directly, it would be immune from suit.

### III.   JURISDICTION

22. Removal of this action is proper under 28 U.S.C. §§1331, 1442. Consistent with the short and plain statement of the law and facts set forth above, the federal district courts have original jurisdiction over the subject matter of this suit under 28 U.S.C. § 1442(a)(1), because Boeing was acting under an officer or agency of the United States government in relation to any claims asserted against Boeing and Boeing can state at least a colorable defense under federal law to any such claims. *See Papp*, 842 F.3d at 812-15; *Ruppel*, 701 F.3d at 1179-86.

23. "'Unlike the general removal statute, the federal officer removal statute is to be 'broadly construed' in favor of a federal forum.'" *Papp*, 842 F.3d at 811 (quoting *Defender Ass'n*, 790 F.3d at 466-67); *see also Willingham*, 395 U.S. at 406 (noting that scope of federal officer removal statute "is not narrow or limited").

### IV.   INTRADISTRICT ASSIGNMENT

24. Because this Court is the United States District Court for the district and division embracing the place where the original State Court Complaint was filed, it is the appropriate court for removal under 28 U.S.C. § 1446(a).  Boeing reserves the right to move the Court for transfer to another district.

### V.   PROCEDURAL COMPLIANCE

25. Because Boeing satisfies the requirements for removal under 28 U.S.C. § 1442(a)(1), it is entitled to remove this action without obtaining the consent of other defendants.  *See, e.g.*, *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1253 (9th Cir. 2006); *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1034 (10th Cir. 1998).

26. As required by 28 U.S.C. § 1446(a), true and correct copies of the process and pleadings served upon Boeing are being filed with this Notice of Removal.

27. Written notice of the filing of this Notice of Removal is being given promptly to Plaintiffs by service hereof, and a copy of the Notice of Removal is being filed promptly with the Court of Common Pleas for Philadelphia County, as required by 28 U.S.C. § 1446(d).

28. A properly removed case cannot be remanded for discretionary or policy reasons, such as allegedly related State Court cases or a contention that judicial economy compels remand.  28 U.S.C. § 1447(c); *Thermitron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336 (1976).  The federal officer removal statute, 28 U.S.C. § 1442(a)(1), is not narrow or limited, and it should not be frustrated by a narrow or grudging interpretation.  *Willingham v. Morgan*, 395 U.S. 402, 405 (1960).

29. Should Plaintiffs move to remand this case, Boeing respectfully requests an opportunity to respond more fully in writing, including submission of additional affidavits and authority.

**WHEREFORE**, Boeing requests that this proceed in this Court as a properly removed action.

Respectfully submitted,

**GOLDBERG SEGALLA**

Joseph Cagnoli, Jr. (PA ID No. 65687)
Gregory McNamee (PA ID No. 203767)
1700 Market Street, Suite 1418
Philadelphia, PA 19103-3907
Phone: 267-519-6800
Fax: 267-519-6801
jcagnoli@goldbergsegalla.com
gmcnamee@goldbergsegalla.com
Attorneys for Defendant,
The Boeing Company

Dated: September 5, 2017

## <u>CERTIFICATE OF SERVICE</u>

      I, undersigned counsel, do hereby certify that, on this 5th day of September, 2017, I did cause a copy of Defendant The Boeing Company's Notice of Removal to be served on all known counsel of record by United States First Class Mail, properly addressed and postage prepaid, pursuant to the rules and procedures of the United States District Court for the Eastern District of Pennsylvania.

 

                                            _____
                                            Joseph Cagnoli, Jr., Esquire